# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRIDGETTE LEWIS,** *Plaintiff* | § § § | |
| v. | § § | 1:23-CV-00378-RP-SH |
| **NEXT LIFE AUSTIN, INC. d/b/a SCISSORS & SCOTCH and JOSH STROUP,** *Defendants* | § § § § | |

## ORDER

Before the Court are Plaintiff's Original Complaint and Jury Demand (Dkt. 1-3) and Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1), both filed April 3, 2023. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

### I. Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that Plaintiff is indigent and grants her *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Section 1915(e)(2) Review

Because Plaintiff has been granted leave to proceed in forma pauperis, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed in forma pauperis if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges that she worked as a hair stylist for Defendants from May 26, 2021 to August 29, 2022. Dkt. 1-3 (Complaint) ¶ 10. Plaintiff claims that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), by failing to compensate her for every hour worked and retaliating against her after she complained. *Id.* ¶ 15. Based on these facts, Plaintiff also brings a claim for unpaid wages under Texas law.

The Court finds that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). The undersigned therefore does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

## III. Conclusion

The Court **GRANTS** Motion for Leave to Proceed *In Forma Paup*eris (Dkt. 1) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on April 28, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE