IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BRIDGETTE LEWIS**, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 1:23-cv-00378 |
| § | |
| **NEXT LIFE AUSTIN, INC. DBA** § | **JURY TRIAL DEMANDED** |
| **SCISSORS & SCOTCH, AND** § | |
| **JOSH STROUP**, § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Bridgette Lewis is a former employee of Defendants Next Life Austin, Inc. dba Scissors & Scotch (Next Life) and Josh Stroup. This is an action for unpaid wages and other compensation, interest thereon, liquidated damages, reasonable attorney fees, and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and related provisions of state law.

**JURISDICTION AND VENUE**

1. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 206, 215.

2. Venue lies within this district under 28 U.S.C. § 1391.

3. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same

1

case or controversy.

## PARTIES

4. Plaintiff is a citizen of the United States and the State of Texas and resides in Travis County, Texas.

5. Plaintiff was a non-exempt employee of Defendants who brings this action for compensation due under the FLSA and for retaliatory discharge.

6. Defendant Next Life Austin, Inc. dba Scissors & Scotch is a corporation incorporated in Nebraska, an "employer" within the meaning of 29 U.S.C. § 203(d), and an "enterprise" under 29 U.S.C. § 203(r). Next Life employed Plaintiff and may be served by serving DTZM, LLC, its officer at 105 Timber Ridge Cove Austin, TX 78733.

7. Defendant Josh Stroup is a citizen of the State of Texas and may be personally served with process at the following address: 7415 Southwest Pkwy Building 4, Suite 200, Austin, TX 78735.

8. Defendants willfully and illegally refused to pay Plaintiff earned wages for several scheduled shifts during which she performed services for Defendants and their clients, even after Defendants were presented with documentation of the missed hours. Further, Defendants terminated Plaintiff's employment rather than pay her earned wages under the FLSA in retaliation for Plaintiff filing a complaint of wage theft.

## FACTS

9. Next Life owns and operates a barber shop and bar called Scissors &

Scotch Austin, and Stroup is the general manager and Plaintiff's former supervisor.

10. Plaintiff was hired to work as a hair stylist at Scissors & Scotch on or about May 26, 2021; she remained an employee of Next Life until her termination on or about August 29, 2022. Thus, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) at all relevant time periods under this action.

11. On or about August 14, 2022, after reviewing her pay records, Plaintiff determined that there were multiple scheduled shifts she had worked during which she did not receive *any* wage. On or about this date, Plaintiff confronted Defendant Josh Stroup with these deficiencies in her pay in-person and through the electronic messaging system known as Slack.

12. Plaintiff provided Defendants with documentation showing the dates and times during which she worked but did not receive compensation; Plaintiff complained to Defendants that she was entitled to be paid for the work she performed.

13. Plaintiff's complaint put Defendants on notice of their serial violations of the FLSA and the requirement that they adhere to federal and state law.

14. Defendants refused to pay Plaintiff her earned wages for all instances in which she identified missing pay.

15. Instead of ensuring that Plaintiff was fairly compensated for the time she worked, and because Plaintiff filed a complaint putting Defendants on notice of their violations of the FLSA, Defendants willfully retaliated against Plaintiff for filing a complaint of violations of the FLSA by terminating Plaintiff's employment

at Scissors & Scotch on or about August 29, 2022.

16. Defendants' continuing failure to compensate Plaintiff is not in good faith and is a willful violation of the FLSA and state wage-theft law.

### FIRST COUNT – FLSA MINIMUM WAGE, 29 U.S.C. 175 206

17. Plaintiff incorporates by reference paragraphs 1 through 16 in their entirety as if fully restated under this count.

18. At all times relevant to this action, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

19. While Plaintiff was employed by Next Life, she was entitled to receive compensation in compliance with the FLSA for every hour worked. *See* 29 U.S.C. § 206(a)(1); *Marshall v. Partida*, 613 F.2d 1360, 1362 (5th Cir. 1980).

20. Throughout Plaintiff's employment at Scissors & Scotch, Plaintiff was scheduled for, and worked during, several full shifts for which Defendants paid no compensation.

21. Defendant, Next Life Austin, Inc. dba Scissors & Scotch, by and through Defendant's agents, including Defendant Stroup, paid Plaintiff *no wage* in violation of 29 U.S.C. § 206 during the shifts mentioned in paragraphs 12 and 20.

### SECOND COUNT – FLSA RETALIATION, 29 U.S.C. § 215(a)(3)

22. Plaintiff incorporates by reference paragraphs 1 through 21 in their entirety as if fully restated under this count.

23. Section 215(a)(3) forbids Next Life from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any

complaint . . . under or related to this chapter." 29 U.S.C. § 215(a)(3). An employee may "file any complaint" by making an oral statement to the employer sufficient to put the employer on notice of its obligation to abide by the FLSA. *Kasten v. Saint–Gobain Performance Plastics Corp.*, 563 U.S. 1, 7–14 (2011).

24. Beginning in approximately February 2022 and on or about August 14, 2022, Plaintiff engaged in protected activity under Section 215 by complaining to Defendants that they were not paying her the wages she earned during several shifts; her complaints put Defendants on notice of their obligation to comply with the FLSA, as did common sense.

25. Defendants, by and through Defendants' agents, intentionally discriminated and retaliated against Plaintiff for filing a complaint related to Defendants' failure to pay Plaintiff her earned wages.

26. Defendants terminated Plaintiff's employment on or about August 29, 2022, because she engaged in protected activity as explained in paragraph 24.

27. Next Life Austin, Inc. dba Scissors & Scotch and Josh Stroup, personally and by and through Defendants' agents, acted willfully and in bad faith.

28. All purportedly nondiscriminatory, nonretaliatory reasons asserted by Defendants for Plaintiff's termination were and are a pretext for their retaliatory, willful violations of the FLSA.

### THIRD COUNT – COMMON LAW WAGE CLAIM

29. Plaintiff incorporates by reference paragraphs 1 through 28 in their entirety as if fully restated under this count.

30. Texas law provides for a common law cause of action for unpaid wages. *E.g.*, *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 192 (Tex. App.—Fort Worth 1995). A common-law claim for wages is brought as a breach-of-contract action.

31. Employers have a contractual duty to pay the agreed-upon wage to their employees for work performed for the benefit of the employer. *See Nart v. Open Text Corp.*, No. A-10-CA-870 LY, 2011 WL 3844216, at *4 (W.D. Tex. Aug. 29, 2011) (citing *Wal-Mart Stores, Inc. v. Coward*, 829 S.W.3d 340, 344 (Tex. App.—Beaumont 1992, writ denied)).

32. Plaintiff and Defendant entered into a contract whereby Plaintiff would perform services as a hair stylist in Defendants' store in exchange for wages paid to Plaintiff at the rate of $11.25 per hour.

33. Defendants breached their agreement to pay Plaintiff's earned wages as explained in all preceding paragraphs above.

## DAMAGES

34. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

   a. all unpaid wages at the regular hourly rate due Plaintiff, and other compensation denied or lost Plaintiff to date;

   b. back pay from the date that Plaintiff was wrongfully discharged in retaliation for her complaint of unpaid wages;

   c. front pay in an amount the Court deems equitable and just to

          make Plaintiff whole;

    d.    interest on all damages, including pre- and post-judgment interest, in an amount to compensate Plaintiff as the Court deems equitable and just;

    e.    reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    f.    compensatory damages in an amount that will reasonably compensate Plaintiff for all emotional distress and mental anguish; and

    g.    all other reasonable relief at law and equity the Court deems just and proper.

## LIQUIDATED DAMAGES

35.    Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed willfully. Plaintiff also seeks recovery from Defendants for liquidated damages.

## ATTORNEYS' FEES

36.    Plaintiff is entitled to and seeks all reasonable and necessary attorneys' fees incurred in bringing this suit. 29 U.S.C.§ 216(b).

## SPECIFIC RELIEF

37.    Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

    a.    rehire of Plaintiff;

b. reinstatement of Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendants; and

c. judgment enjoining Defendant Josh Stroup from failing to pay the minimum wage to employees under his supervision in violation of the Fair Labor Standards Act and ordering him to attend a management course covering the basic requirements of federal wage laws.

## PRAYER

Plaintiff, Bridgette Lewis, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; liquidated damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Cory A. Scanlon*
CORY A SCANLON
Texas Bar No. 24104599
E-Mail: cory.scanlon.scotx@gmail.com
PO BOX 27770
Austin, Texas 78755
Tel. (210) 802-6056
Fax. (512) 332-0764

*ATTORNEY FOR PLAINTIFF*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**